J. Irwin Shapiro, J.
The plaintiff was injured in an accident allegedly caused by the negligence of the defendant on March 14, 1960. She was removed from the scene of the accident to Wyclcoff Heights Hospital. While at this hospital she contracted a communicable disease and on April 8, 1960 was removed to Kings County Hospital. She was returned from Kings County Hospital to Wyckoff Heights Hospital on April 12, 1960. The question is whether Kings County Hospital has a lien on the proceeds of any judgment or settlement the plaintiff might recover from the defendant pursuant to subdivision 1 of section 189 of the Lien Law.
In my opinion Kings County Hospital does not have such a lien. Said subdivision provides that a hospital will have a lien on the rights of action, etc., ‘2 of any person receiving emergency treatment or admitted to any such hospital and receiving treatment, care and maintenance therein, on account of any personal injuries received within a period of one week prior to receiving emergency treatment or admission to the hospital” (emphasis supplied). Statutes such as the one in issue are generally narrowly construed in line with the purpose for which they were enacted. The subdivision seems to clearly limit a lien to the particular hospital which rendered treatment to a claimant *264 within one week after the personal injury was sustained or the claimant was admitted to the hospital.
In Matter of Meyer v. New York Hosp. (7 A D 2d 60, appeal dismissed 5 N Y 2d 1021) the Appellate Division of the First Department, interpreting this statute, stated (p. 64): “ The
validity of such a lien under the special, limited, and very carefully circumscribed circumstances prescribed by the statute arises from the explicit language of the Lien Law itself. The lien exists against the proceeds of personal injury claims of persons admitted on account of such injuries to the hospital within a week after the injury for which the claim is made.”
Under the circumstances the plaintiffs ’ application is granted to the extent of declaring the purported lien of the Department of Hospitals in the sum of $112 to be null and void and directing that the defendant comply with the compromise order heretofore made herein within 15 days after the service of a copy of this order upon his attorneys. In the event the defendant fails to comply with said compromise order within the time thus specified settle order on notice providing for the entry of judgment against the defendant in the sum of $7,500, the amount for which this action was settled before the court.